UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-80196-Marra

UNITED STATES OF AMERICA

vs.

THOMAS HEYDEN,

        Defendant.
_____/



FILED BY _____ D.C.
JAN 1 1 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLEA AGREEMENT

The United States of America and THOMAS HEYDEN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count one of an Information which charges the defendant with Computer Fraud and related activity in connection with computers in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i) and (iii).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence

Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that for Count 1, the court <u>may impose a statutory maximum term of imprisonment of up to five (5) years</u>, followed by a <u>term of supervised release of up to 3 years</u>. In addition to a term of imprisonment and supervised release, the court may impose a fine of not more than $250,000.00, and must impose restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and the recommendations contained in this plea agreement if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior

to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. For purposes of sentencing:

a) the parties will recommend that the Court use §2B1.1(b)(1)(D), which states that the amount of loss incurred as a result of the damage caused to the victim in a one-year period in the offense is between $40,000 and $95,000;

b) the defendant agrees that the amount of loss suffered by the defendant's actions is **$45,183.32** and that restitution should be ordered in the amount of at least **$44,160**;

c) the United States agrees that it will ask the Court not to apply the two point enhancement under U.S.S.G. §2B1.1(b)(18);

d) the United States agrees that it will ask the Court not to apply the two point enhancement under U.S.S.G. §2B1.1(b)(19)(A)(i); and

e) the United States further agrees to recommend that the defendant be sentenced to a non-incarceratory sentence.

8. As part of this Plea Agreement, the defendant states, under oath, that he is no longer in possession of any Company A data, in particular, the files which were determined to be downloaded without authorization from Company A's servers on September 29, 2020 and that were in the defendant's personal possession until on or about October 30, 2020. The defendant further states that he no longer possesses Company A's files because all of the

copies he had were seized during the execution of a federal search warrant at his home on October 30, 2020. He further states that he has never, at any time, transferred, sold, exchanged or delivered any of Company A's files to a third party, to include Company A's human resources files. Should the United States determine that the defendant did, in fact, possess Company A's files at the time of or after this Plea Agreement was executed, and/or that he copied, exchanged, sold, delivered or otherwise transferred any of Company A's data to a third party at any time, the defendant will be in violation of this Plea Agreement. The United States may then charge the defendant with False Statements (pursuant to Title 18, United States Code, Section 1001), Obstruction (Title 8, United States Code, Section 1512), Computer Fraud and Abuse (pursuant to Title 18, United States Code, Section 1030), Identity Theft (pursuant to Title 18, United States Code, Sections 1028, 1029, 1028A) and/or Wire Fraud (pursuant to Title 18, United States Code, Section 1343), in the courts of the United States, including the West Palm Beach federal district court of the Southern District of Florida. Any such prosecution may be premised upon (1) any information or oral or written statements or declarations provided by the defendant to this Office or other law enforcement agents or officers, (2) any testimony or statements given by the defendant in court or other proceedings, and (3) any leads derived from such information, statements or testimony. The defendant agrees that all such information, statements or testimony shall be admissible in criminal proceedings against him, and he expressly waives any claim that such information, statements, testimony or leads should be suppressed or excluded. Finally, the defendant waives any claim that such prosecution is prohibited due to any statute of limitations, right to speedy trial, or venue. The defendant will not be able to

withdraw this plea should the United States pursue additional charges as contemplated in this paragraph.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The

defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any personal property used or intended to be used in the commission of the offense(s), in violation of 18 U.S.C. § 1030, pursuant to 18 U.S.C. § 1030(i), and any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B) and the provisions of 21 U.S.C. § 853. The property subject to forfeiture includes, but is not limited to:

    a.    one (1) IOMEGA External Hard Drive; and

    b.    one (1) "HR Options" white and grey Flash Drive.

12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12/15/21      By: _____
                         AURORA FAGAN
                         ASSISTANT U.S. ATTORNEY

Date: 12-15-21      _____
                         THOMAS HEYDEN
                         DEFENDANT

Date: 12/15/21      _____
                         VALENTIN RODRIGUEZ
                         ATTORNEY FOR DEFENDANT